# Exhibit A

DOCUMENT 2
Case 2:23-cv-00138-CWB   Document 1-1   Filed 03/10/23   Page 2 of 12
ELECTRONICALLY FILED
2/2/2023 3:57 PM
09-CV-2023-900009.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
RASHAWN HARRIS, CLERK

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| **CHARLES PRICE, as Administrator and Personal Representative of the Estate of ETHAN BISHOP PRICE, a deceased person,** ) ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **CIVIL ACTION NO.: 2023 - _____** |
| **HOLY LAND LOGISTICS, INC.; AL-SHAIKH FALAH AHMAD, individually, and as an employee, agent, or representative of HOLY LAND LOGISTICS, INC.; and Fictitious Defendants 1 through 12, persons, corporations, firms, or other entities whose wrongful conduct caused the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be added by amendment when ascertained, and who are described and referred to in Count Five of the Complaint hereinbelow,** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendants.** ) ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and hereby files this Complaint as a basis for the relief hereinafter demanded and shows the Court as follows:

### NATURE OF THE ACTION

1. This is an action for wrongful death and damages suffered by Ethan Bishop Price as a result of a truck versus pedestrian collision that occurred on February 4, 2021, on Highway 231 South in Ramer, Alabama.

**STATEMENT OF THE PARTIES**

2. Plaintiff Charles Price, as Administrator and Personal Representative of the Estate of Ethan Bishop Price, a deceased person, is over the age of majority and is a resident citizen of Montgomery County, Alabama, and was such at all times material to this action.

3. Decedent Ethan Bishop Price was a resident citizen of Bullock County, Alabama, at all times material hereto. The Estate of Ethan Bishop Price is in Bullock County, Alabama.

4. Upon information and belief, Defendant Holy Land Logistics, Inc. (hereinafter "Holy Land"), is a foreign corporation doing business in the State of Alabama and was such at all times material to this action.

5. Upon information and belief, Defendant Al-Shaikh Falah Ahmad (hereinafter "Ahmad"), other aliases unknown, is over the age of majority and is a resident citizen of Cook County, Illinois, and was such at all times material to this action. Defendant Ahmad is being named in his individual capacity and his capacity as an employee, agent, or representative of Defendant Holy Land Logistics, Inc.

6. Fictitious Defendants 1 through 12, whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to Ethan Bishop Price, all of whose true and correct names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

**JURISDICTION AND VENUE**

7. Jurisdiction is proper in the Circuit Court of Bullock County, Alabama, pursuant to Rule 82(c) of *Alabama Rules of Civil Procedure*; and § 12-11-30(1), Ala. Code (2006).

8. Venue is proper in the Circuit Court of Bullock County, Alabama, pursuant to Rule 82(c) of *Alabama Rules of Civil Procedure* and § 6-3-7(a)(3), Ala. Code (2006), due to the

fact that Plaintiff Ethan Bishop Price was a resident of Bullock County, Alabama, and his Estate is open in Bullock County, Alabama.

## FACTUAL ALLEGATIONS

9. On or about February 4, 2021, at approximately 7:50 p.m., Ethan Bishop Price was walking within the shoulder of Highway 231 southbound in Ramer, Alabama.

10. At said time and place, upon information and belief, Defendant Ahmad was operating a 2016 Freightliner Cascadia tractor owned by Defendant Holy Land Logistics, Inc.

11. At said time and place, upon information and belief, Defendant Ahmad was operating a tractor and trailer on behalf of Defendant Holy Land Logistics, Inc.

12. Upon information and belief, Defendant Holy Land Logistics, Inc., is and was an interstate motor carrier as defined by the Federal Motor Carrier Safety Regulations, and those regulations as adopted by the State of Alabama, at all times material hereto.

13. Defendant Ahmad was driving the tractor and trailer on Highway 231 southbound in the right lane of travel.

14. At said time and place, Defendant Ahmad was operating the tractor and trailer distracted.

15. At said time and place, Defendant Ahmad failed to keep a proper lookout.

16. At said time and place, Defendant Ahmad failed to maintain his lane of travel.

17. At said time and place, Defendant Ahmad struck Ethan Bishop Price with his tractor trailer, thereby causing him injury and death.

## COUNT ONE
### (Negligent Acts Claim Against Defendant Al-Shaikh Falah Ahmad)

18. Plaintiff re-alleges, adopts, and incorporates all paragraphs hereinabove in this Complaint as if set out here in full.

19. Plaintiff avers that at said time and place, Defendant Al-Shaikh Falah Ahmad was negligent by (1) failing to keep a proper look out; (2) failing to avoid the collision when he had the last clear chance; (3) failing to keep proper space on all sides of the tractor and trailer; (4) failing to maintain his lane of travel; (5) driving a commercial motor vehicle distracted; and otherwise failing to obey the rules of the road, in violation of §§ 32-5A-213, 32-5A-3, Ala. Code (2006), all of which caused the collision made the basis of Plaintiff's Complaint and thereby causing Ethan Bishop Price's injuries and death.

20. Plaintiffs aver that at said time and place, Defendant Ahmad was negligent by failing to follow the applicable Federal Motor Carrier Safety Regulations as adopted and incorporated by the State of Alabama in § 32-9A-2, Ala. Code (2017).

21. Based on information and belief, as a proximate consequence of the Defendant Ahmad's said negligent and unlawful acts or omissions, Ethan Bishop Price was caused injuries that led to his death.

**WHEREFORE**, Plaintiff seeks all compensatory damages and punitive damages against Defendant Ahmad in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

## COUNT TWO
### (Negligent Acts Claim Against Defendant Holy Land Logistics, Inc.)

22. Plaintiffs re-allege, adopt, and incorporate all paragraphs hereinabove in this Complaint as if set out here in full.

23. Upon information and belief, the 2016 Freightliner Cascadia tractor involved in the collision made basis of Plaintiff's Complaint, was owned by Defendant Holy Land at all times material to this action.

4

24. Upon information and belief, the trailer involved in the collision made basis of Plaintiff's Complaint was being leased by Defendant Holy Land and/or Defendant Ahmad from North Shore Leasing, Inc., an Illinois Corporation.

25. Upon information and belief, Defendant Ahmad was operating said tractor and trailer owned and leased by Defendant Holy Land at the time of the collision.

26. Plaintiff avers that the tractor and trailer owned and leased by Defendant Holy Land and operated by Defendant Ahmad was negligently maintained, in defective and extremely unsafe condition for use in hauling goods on Alabama public highways in violation of applicable Federal Motor Carrier Safety Regulations as adopted and incorporated by the State of Alabama in § 32-9A-2, Ala. Code (2017), and thereby causing Ethan Bishop Price's injuries and death.

27. Plaintiff avers that Defendant Ahmad was an employee, agent, or representative of the Defendant Holy Land and was acting within the line and scope of his employment with and/or duties to Defendant Holy Land at all times material to this action.

28. Plaintiffs aver that the acts, conduct, and omissions of Defendant Ahmad on said occasion are imputed to Defendant Holy Land through the principle of *Respondeat Superior*. Therefore, Defendant Holy Land is liable and responsible to Plaintiff for said acts, conduct, and omissions of Defendant Ahmad and for all of Ethan Bishop Price's resulting injuries, death, and damages.

29. As a proximate consequence of Defendant Ahmad's said negligent and unlawful acts or omissions as detailed above, Ethan Bishop Price was caused injuries that led to his death.

**WHEREFORE**, Plaintiff seek all compensatory damages and punitive damages against Defendant Holy Land in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

## COUNT THREE
### (Negligent Entrustment Claim Against Defendant Holy Land Logistics, Inc.)

30. Plaintiff re-alleges, adopts, and incorporates all paragraphs hereinabove in this Complaint as if set out here in full.

31. The tractor and trailer operated by the Defendant Ahmad was owned and leased by Defendant Holy Land at the time of the collision described above.

32. Plaintiff avers that, at the time of the collision made the basis of this lawsuit, Defendant Ahmad was unqualified, unfit or otherwise unable to safely operate the tractor and trailer he was driving at the time of the collision.

33. Defendant Holy Land knew or, through the exercise of reasonable diligence, should have known that Defendant Ahmad was unqualified, unfit or otherwise unable to safely operate the tractor and trailer.

34. Defendant Holy Land entrusted a tractor and trailer to Defendant Ahmad knowing that he was unqualified, unfit or otherwise unable to safely operate the commercial vehicle, and/or Defendant Holy Land entrusted the tractor and trailer to Defendant Ahmad when, through the exercise of reasonable diligence, it should have known that he was unable to safely operate the commercial vehicle.

35. As a result of the negligence entrustment, as described above, by Defendant Holy Land, Defendant Ahmad caused Ethan Bishop Price injuries that led to his death.

**WHEREFORE**, Plaintiff seeks all compensatory damages and punitive damages against Defendant Holy Land in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

## COUNT FOUR
### (Negligent Hiring, Training, Retention, and Supervision Claims Against Defendant Holy Land Logistics, Inc.)

36. Plaintiff re-alleges, adopts, and incorporates all paragraphs hereinabove in this Complaint as if set out here in full.

37. Plaintiff avers that Defendant Holy Land was negligent in hiring Defendant Ahmad.

38. Plaintiff avers that inadequate qualifying, screening, testing, background checks and other such methods were realized by Defendant Holy Land prior to extending an offer of employment to the Defendant Ahmad.

39. Plaintiff avers that Defendant Holy Land was negligent in its training and supervision of the Defendant Ahmad.

40. Plaintiff avers that Defendant Holy Land was negligent in retaining Defendant Ahmad as an employee, agent, or representative.

41. Further, Plaintiff avers that Defendant Holy Land's negligent hiring, training, retention, and supervision of Defendant Ahmad proximately caused injury to and death of Ethan Bishop Price.

**WHEREFORE**, Plaintiff seeks all compensatory damages and punitive damages against Defendant Holy Land in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

## COUNT FIVE
### (Negligent Acts Claim Against Fictitious Defendants)

42. Plaintiff re-alleges, adopts, and incorporates all paragraphs hereinabove in this Complaint as if set out here in full.

43. Defendants in this Count are Fictitious Defendants 1 through 12, whose names and identities are otherwise unknown to the Plaintiffs but whose true names will be substituted by amendment when ascertained and who are further described in paragraphs hereinbelow.

44. Fictitious Defendants 1 through 12 are also liable under the foregoing counts and theories.

45. Fictitious Defendants 1 and 2 are the persons, firms, corporations, partnerships, proprietorships, and other entities that were doing business as Holy Land Logistics, Inc., on or about February 4, 2021, whose names and identities are otherwise unknown to the Plaintiff but whose true names will be substituted by amendment when ascertained.

46. Fictitious Defendants 3 and 4 are the persons, firms, corporations, partnerships, proprietorships, and other entities by which Al-Shaikh Falah Ahmad was employed on or about February 4, 2021, whose names and identities are otherwise unknown to the Plaintiff but whose true names will be substituted by amendment when ascertained.

47. Fictitious Defendants 5 and 6 are the persons, firms, corporations, partnerships, proprietorships, and other entities for whom Al-Shaikh Falah Ahmad was driving for on or about February 4, 2021, whose names and identities are otherwise unknown to the Plaintiff but whose true names will be substituted by amendment when ascertained.

48. Fictitious Defendants 7 and 8 are the persons, firms, corporations, partnerships, proprietorships, and other entities that owned the vehicle that Al-Shaikh Falah Ahmad was driving at the time of the subject collision that occurred on or about February 4, 2021, whose names and identities are otherwise unknown to the Plaintiff but whose true names will be substituted by amendment when ascertained.

49. Fictitious Defendants 9 and 10 are the persons, firms, corporations, partnerships, proprietorships, and other entities entrusted said tractor and trailer to Al-Shaikh Falah Ahmad on or about February 4, 2021, whose names and identities are otherwise unknown to the Plaintiff but whose true names will be substituted by amendment when ascertained.

50. Fictitious Defendants 11 and 12 are the persons, firms, corporations, partnerships, proprietorships, and other entities that negligently hired, trained, retained, monitored, and/or supervised Al-Shaikh Falah Ahmad, or that negligently failed to properly train, monitor and supervise Al-Shaikh Falah Ahmad, whose names and identities are otherwise unknown to the Plaintiffsbut whose true names will be substituted by amendment when ascertained.

51. Fictitious Defendants 1 through 12, described hereinabove, (a) proximately caused or proximately contributed to Ethan Bishop Price's injuries, death and damages, or (b) are otherwise jointly or concurrently or vicariously liable for those said injuries, death and damages.

**WHEREFORE**, Plaintiff seeks all compensatory damages and punitive damages against the Defendants in an amount to be determined by the trier of fact, plus costs and other relief to which Plaintiff is entitled by law.

Respectfully Submitted,

/s/ Mallory Storey Ulmer
MALLORY STOREY ULMER (STO096)
**Attorney for Plaintiff**

**OF COUNSEL:**
**ALEXANDER SHUNNARAH TRIAL ATTORNEYS**
2298 E. University Dr., Ste. 302
Auburn, Alabama 36830
Telephone: (334) 539-6392
Facsimile: (334)752-7054
Email: mulmer@asilpc.com

/s/ Johnny Adams
JOHNNY ADAMS (ADA087)

**Attorney for Plaintiff**

**OF COUNSEL:**
**JOHNNY ADAMS LAW FIRM, LLC**
324 Ellis Street
Union Springs, Alabama 36089
Telephone: (334) 850-0022
Facsimile: (800) 738-6860
Email: johnny@johnnyadamslaw.com

## DEMAND FOR A TRIAL BY JURY

The Plaintiff demands a trial by struck jury on all issues in this case.

/s/ Mallory Storey Ulmer
Of Counsel

## **CERTIFICATE OF SERVICE**

      Plaintiff requests that the Summons and Complaint in this case be served on this 2nd day of February, 2023, on the following named Defendants by certified mail and/or process server at their respective addresses:

Holy Land Logistics, Inc.
c/o Registered Agent
Alacrity Legal Services, LLC
61 ST Joseph Street, Suite 1100
Mobile, Alabama 36609

Al-Shaikh Falah Ahmad
10604 S Oak Tree Dr., Apt. 2N
Worth, Illinois 60482

                                        /s/ Mallory Storey Ulmer
                                        Of Counsel